WO

KM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Laura L. Medley,                )    No. CV 08-101-PHX-MHM (DKD)
                                )
          Plaintiff,          )    **ORDER**
                                )
vs.                             )
                                )
                                )
Joseph M. Arpaio,               )
                                )
          Defendant.          )
                                )

Plaintiff Laura L. Medley, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III.    Complaint

Plaintiff names Maricopa County Sheriff Joseph M. Arpaio as Defendant to the Complaint.  Plaintiff alleges two grounds for relief in the Complaint: (1) Article IV (e) of the Interstate Agreement on Detainers and Plaintiff's Fourteenth Amendment rights were violated when Defendant's deputy refused to take custody of Plaintiff during an interstate transfer after Plaintiff informed the deputy that she could not go without her medications; and (2) Article V(c) of the Interstate Agreement on Detainers and Plaintiff's Fourteenth Amendment rights were violated by the same incident.  Plaintiff seeks money damages and injunctive relief.

## IV.    Failure to State a Claim

Pursuant to Article V(c) of the Interstate Agreement on Detainers, 18 U.S.C. App. § 2,

> If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

Interstate Agreement on Detainers, § 2, 18 U.S.C. App. 2.

- 2 -

1       Plaintiff alleges that she was being transferred to the custody of the Maricopa County

2   Sheriff's Office.  The Court assumes that Plaintiff was being transferred for the purpose of

3   being prosecuted on criminal charges in the Maricopa County Superior Court.[1]  Accordingly,

4   Plaintiff must raise any claims about the propriety of her transfer in the court "where the

5   indictment, information, or complaint has been pending," the Maricopa County Superior

6   Court.  Moreover, to the extent that Plaintiff is seeking money damages, the Court notes that

7   such relief is not available under the Interstate Agreement on Detainers.

8       To the extent that Plaintiff raises claims under the due process provisions of the

9   Fourteenth Amendment, she has also failed to state a claim.  First, the Court notes that

10  Plaintiff has alleged no adverse affects on her criminal proceedings as a result of Defendant's

11  failure to accept custody of her on the date in question.  Plaintiff affirmatively alleges that

12  she was transported to the custody of the Maricopa County Sheriff's Office approximately

13  10 days after the date in question, and Plaintiff does not allege facts suggesting that she was

14  harmed by the 10-day delay.

15      Further, to the extent that Plaintiff seeks to challenge the propriety of her ongoing

16  criminal proceedings in state court, the abstention doctrine set forth in Younger v. Harris, 401

17  U.S. 37 (1971), prevents a federal court  from directly interfering with ongoing criminal

18  proceedings in state court.  The Younger abstention doctrine bars requests for declaratory and

19  monetary relief for constitutional injuries arising out of a plaintiff's current state criminal

20  prosecution,  Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986), and applies while the case

21  works its way through the state appellate process.  New Orleans Pub. Serv., Inc. v. Council

22  of City of New Orleans, 491 U.S. 350, 369 (1989) ("[f]or Younger purposes, the State's

23  trial-and-appeals process is treated as a unitary system"); Huffman v. Pursue, Ltd., 420 U.S.

24  592, 608 (1975) ("Virtually all of the evils at which Younger is directed would inhere in

25

26

27  _____

28      [1]This Court's docket does not show any pending criminal charges against Plaintiff in this Court.

1    federal intervention prior to completion of state appellate proceedings, just as surely as they

2    would if such intervention occurred at or before trial.")

3          Additionally, this Court only has jurisdiction to adjudicate issues that are currently in

4    controversy and thereby ripe for review.  18 Unnamed John Smith Prisoners v. Meese, 871

5    F.2d 881, 883 (9th Cir. 1989).  Thus, if Plaintiff's criminal proceedings have not concluded,

6    the issue of Plaintiff's detainer and transfer would not be ripe for review.

7          The Court will dismiss the case and this action for failure to state a claim.

8    **IT IS ORDERED:**

9          (1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

10    is **granted**.

11          (2)     As required by the accompanying Order to the appropriate government agency,

12    Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.00.

13          (3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to

14    28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

15          (4)     The Clerk of Court must make an entry on the docket stating that the dismissal

16    for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

17          DATED this 19th day of February, 2008.

18

19

20    _____

21                Mary H. Murguia
               United States District Judge

22

23

24

25

26

27

28